# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JARRELL D. CURNE,

Plaintiff,

v.

T MEDIA TECH LLC,

Defendant(s).

Case No. **8:26-CV-1801-JLB-AAS**

(To be assigned by Clerk)

JUN 22 2026 PM 1:55
FILED - USDC - FLMD - TPA

**COMPLAINT AND JURY DEMAND**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Jarrell D. Curne**, appearing pro se, files this Arbitration Complaint against Defendant,

**T MEDIA TECH LLC**, and alleges as follows:

### PARTIES

1.    Plaintiff, **Jarrell D. Curne**, is an individual residing at 14532 South Alden Street, Olathe,

Kansas, 66062.

2.    Defendant, **T MEDIA TECH LLC**, is a Florida Limited Liability Company with its

principal place of business located at 401 N. Cattlemen Rd., Suite 200, Sarasota, Florida

34232. Defendant owns and operates the "Truth Social" family of products, including the

online platform located at www.truthsocial.com, the Truth Social mobile application, and

the Truth+ app (collectively, the "Apps").

### JURISDICTION AND VENUE

1.    This Court has diversity jurisdiction over this matter pursuant to **28 U.S.C. § 1332** because

the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs, and is between citizens of different States.

Page 1 of 15



2. Venue is proper in this Court and division because Defendant's corporate headquarters reside in Sarasota County, Florida. Furthermore, Defendant's Terms of Service ("TOS") explicitly mandate that any legal actions related to the Service must be commenced and prosecuted in the state and federal courts located in Sarasota County, Florida.

## *STATEMENT OF FACTS*

1. Defendant offers an online platform and suite of Apps advertised for users' entertainment, educational, and personal use.

2. Plaintiff registered for a paid premium user membership on Defendant's platform, expecting a fully functional, authentic user environment.

3. Despite representations that the platform provides a valid environment for user interaction, the network is saturated with automated profiles ("bots"). Paid subscription tiers are effectively broken, as paying customers are subjected to viewing identical, repeated content and memes systematically generated by specific accounts.

4. These target accounts openly post or acknowledge that they deploy automated bots to artificially boost their post reach, view counts, and engagement metrics.

5. Despite charging premium fees, Defendant has failed to clear automated bot accounts, depriving paying customers of the actual utility of their membership.

6. Furthermore, Defendant engaged in predatory billing behaviors. Less than 30 days after successfully charging Plaintiff's payment card for the initial period, Defendant prematurely executed a second unauthorized charge.

7. Immediately following this second charge, Defendant abruptly terminated Plaintiff's user membership, completely denying access to the paid services.

8.  This irregular and rapid billing frequency triggered a suspicious activity alert with Plaintiff's banking institution, resulting in a forced fraud reversal of the unauthorized transactions.

## COUNT I: BREACH OF CONTRACT

1.  Plaintiff re-alleges paragraphs 1 through 12 as if fully set forth herein.

2.  The Terms of Service (TOS) constitute a binding bilateral contract between Plaintiff and Defendant governed by the laws of the State of Florida.

3.  Under Florida law, bilateral contracts require **mutuality of obligation**. This established doctrine ensures contractual provisions must be reciprocal and bind both parties equally to preserve fairness.

4.  Defendant explicitly drafted representations and warranties within its TOS ensuring a secure, legitimate service environment.

5.  Defendant committed a material breach of these terms by failing to maintain a platform free of deceptive automation, allowing bot manipulation to directly degrade the paid consumer experience, and breaching payment-interval timelines by billing twice in under a 30-day window before wrongfully cutting off service access.

6.  As a direct result of Defendant's material breaches, Plaintiff suffered significant financial, personal, and operational damages.

## COUNT II: BREACH OF REPRESENTATIONS AND WARRANTIES

1.  Plaintiff re-alleges paragraphs 1 through 12 as if fully set forth herein.

2.  Defendant sets forth explicit representations and warranties within its governing TOS regarding the management, access timelines, and integrity of the site and Apps.

3. Defendant breached these express representations by operating a platform fundamentally undermined by bot-boosting rings, manipulating membership termination timelines, and failing to deliver a standard operational product.

4. Plaintiff relied on these representations when paying for the subscription service and has suffered real injuries due to Defendant's non-compliance.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in their favor and against Defendant, **T MEDIA TECH LLC**, granting the following relief:

- **Actual and compensatory damages** in an amount of at least **$75,000** to address the full economic and systemic impact of the breach;

- An **injunctive order** requiring Defendant to permanently purge automated bots from the platform to protect its premium paying customers;

- Pre-judgment and post-judgment interest as permitted by law; and

- Any such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 17, 2026

Respectfully submitted,

Jarrell Curne, Plaintiff- *Pro Se*
14532 South Alden Street
Olathe, Kansas 66062
dB_Fresh@icloud.com
Phone Number (913)-215-8528 [KANSAS]